## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0049 |
| ) | |
| **CARL N. DECICCO, III,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the motion of Carl N. Decicco, III ("Decicco") to conduct the sentencing in this matter by video conference.

On July 11, 2019, the United States filed a one count indictment charging Decicco with failure to register as a sex offender, in violation of 18 U.S.C. § 2250. On October 17, 2019, the United States filed a one count superseding indictment, which extended the time period of the continuing offense. Thereafter, on December 9, 2019, the Court accepted Decicco's plea of guilty to the charge in the superseding indictment. Decicco's sentencing hearing is currently set for September 24, 2020.

On September 15, 2020, Decicco filed a motion requesting the Court to enter an order authorizing Decicco to attend the sentencing hearing in this matter by video conference in light of the COVID-19 pandemic. The United States has not responded to Decicco's request to conduct the sentencing by video conference.

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with

*United States v. Decicco*
Case No. 3:19-cr-0049
Order
Page 2 of 4

counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. On July 8, 2020, the Chief Judge of the District Court of the Virgin Islands entered an order extending the April 9, 2020 Order for another 90-day period unless terminated earlier.

Given these findings, Decicco requests that the Court make a finding that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. Decicco asserts that, as of September 24, 2020, he will have been detained

for a period of approximately 9 months and 2 weeks in this matter.[1] Decicco also argues that the "[presentence report ("PSR")] reports a guideline range of 10 to 16 months, [and t]he government requested a sentence of 10 months in its sentencing memorandum." *See* ECF No. 59 at 4. Based on the amount of time he has already served, the sentencing guideline range, and the sentence supported by the Government, Decicco argues that if the sentencing in this matter is further delayed to allow Decicco to be physically present at sentencing, "he will be detained, pending sentencing, longer than the low end of his guideline range." Given these circumstances, Decicco argues that a delay in sentencing would result in serious harm to the interests of justice.

Since the enactment of the CARES Act, most district courts have found that serious harm to the interests of justice exists when delay risks harm to a defendant's due process rights by, for example, forcing a defendant to serve greater time in custody than the guideline range would recommend for his offense. *Cf. United States v. Short*, No. 3:15-CR-0174, 2020 U.S. Dist. LEXIS 72509 (D. Conn. Apr. 24, 2020); *United States v. Collazo*, No. 2:19-00120, 2020 U.S. Dist. LEXIS 67949 (S.D.W.V. Apr. 17, 2020); *United States v. Emory*, No. 19-00109 JAO, 2020 U.S. Dist. LEXIS 66148 (D. Haw. Apr. 13, 2020); *United States v. Jones*, No. 19-225, 2020 U.S. Dist. LEXIS 58149 (D. Minn. Apr. 2, 2020); *United States v. Harry*, No. 19-cr-535, 2020 U.S. Dist. LEXIS 56323 (E.D.N.Y. Mar. 31, 2020).

Here, while Decicco has not yet served the minimum term of the guideline range, any further delay in the sentencing hearing could result in Decicco being detained longer than his potential guideline sentence would require. Moreover, the recent spike in COVID cases in the U.S. Virgin Islands has caused the Court to pause its resumption of normal operations. As such, it may be a significant time before the Court can safely resume in-person proceedings. In the meantime, the backlog of cases and hearings that are delayed continues to rise. Given these circumstances, the Court concludes that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. *See, e.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020) (concluding that the sentencing

---

[1] Decicco self-surrendered to the U.S. Marshals on December 10, 2019, and he has been detained ever since.

hearing could not be further delayed without serious harm to the interests of justice because delay "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume"); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020) (same).

The premises considered, it is hereby

**ORDERED** that Decicco's motion, ECF No. 63, to conduct the sentencing in this matter by video conference is **GRANTED**; it is further

**ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** September 21, 2020                              */s/ Robert A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **District Judge**